91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alex Paz RODRIGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70614.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alex Paz Rodriguez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("BIA) summarily affirming an immigration judge's ("IJ") decision denying his request for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Pursuant to 8 U.S.C. § 1254(a)(1), the Attorney General may suspend deportation if the applicant can demonstrate: (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to himself or herself, or to a spouse, parent, or child who is a United States citizen or has been lawfully admitted for permanent residence. 8 U.S.C. § 1254(a)(1).
 
 
 4
 It is undisputed that Rodriguez has demonstrated both continuous physical presence and good moral character. The only issue before us is whether he has demonstrated extreme hardship. We review the IJ's determination that Rodriguez would not suffer extreme hardship for abuse of discretion. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 5
 Rodriguez contends that the IJ abused its discretion by failing to consider "all the factors bearing on extreme hardship in the aggregate in petitioner's case." This contention lacks merit.
 
 
 6
 The IJ expressly stated in his oral decision that he considered all factors for their individual and cumulative effect. See Watkins v. INS, 63 F.3d 844, 850 (9th Cir.1995). The IJ considered Rodriguez's age (29 years old), the length of time Rodriguez spent in the United States (8 years), and the fact that Rodriguez had no relatives who statutorily qualified for consideration under suspension of deportation.[1] The IJ also noted that other than his membership in a church, Rodriguez's community ties were not sufficient to establish extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 7
 The IJ also considered the prospect of economic hardship to Rodriguez. "[E]conomic detriment, without more, does not amount to extreme hardship." Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981). It is true that a "complete inability to find work" may be sufficient to establish extreme hardship, id. at 1357, but here the IJ properly concluded not only that Rodriguez is young, in good health, and able to work, but also that Rodriguez failed to show that he would be unable to obtain employment in Honduras because he possessed skills that "are usable anywhere in commercial enterprise."[2]
 
 
 8
 The BIA did not abuse its discretion by holding that Rodriguez is statutorily ineligible for suspension of deportation. See Ramirez-Durazo, 794 F.2d at 498.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rodriguez has only an uncle and cousin living in the United States. Rodriguez's parents and siblings reside in Honduras. He has no children
 
 
 [2]
 Prior to entering the United States, Rodriguez worked in Honduras as an accountant. While in the United States, Rodriguez worked as a factory worker and most recently as a store clerk